**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| RAHUL DEV MANCHANDA, | Case No. 23-22095 (SHL) |
| Debtor. | |

-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| MANCHANDA LAW OFFICE PLLC, | Case No. 23-11805 (SHL) |
| Debtor. | |

-------------------------------------------------------------x

DOUGLAS M. SENDEROFF,

               Plaintiff,

vs.                                      Adv. Pro. No. 23-07008 (SHL)

RAHUL DEV MANCHANDA,

               Defendant.

-------------------------------------------------------------x

WILLIAM K. HARRINGTON, as United
States Trustee for Region 2,

               Plaintiff,

vs.                                      Adv. Pro. No. 24-07009 (SHL)

RAHUL DEV MANCHANDA,

               Defendant.

-------------------------------------------------------------x

UNITED STATES OF AMERICA,

               Plaintiff,

vs.                                      Adv. Pro. No. 24-07010 (SHL)

RAHUL DEV MANCHANDA,

               Defendant.

-------------------------------------------------------------x

## <u>ORDER DENYING REQUEST TO TRANSFER VENUE</u>

Before the Court is the *Notice of Motion and Affirmation in Support of Motion to Transfer/Change of Venue* [ECF No. 205] (the "Motion"),[1] filed by the above-captioned debtor/defendant Rahul Dev Manchanda (the "Debtor").[2]  Citing to Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure, the Debtor requests a transfer of the above-captioned cases to either the Eastern District of New York or the Western District of New York.  *See* Motion at PDF Page 1 of 25; Motion at PDF Page 3 of 25; Motion at PDF Page 5 of 25; Motion at PDF Page 7 of 25.  The Debtor cites to the alleged hostility of the Court against him and argues, among other things, that "it has now become untenable and impossible for Debtor to experience a fair hearing or trial. . . ."  *See id.* at PDF Pages 2-4 of 25; PDF Pages 6-8 of 25.

Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  28 U.S.C. § 1412; *see also Off. Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 306 B.R. 746, 749 (S.D.N.Y. 2004) ("Where a party seeks to transfer venue for a core proceeding, the applicable statute is 28 U.S.C. § 1412.") (internal citation and quotations omitted); Fed. R. Bankr. P. 7087 ("On motion and after a hearing, the court may transfer an adversary proceeding, or any part of it, to another district under 28 U.S.C. § 1412—except as provided in Rule 7019(b)."); Fed. R. Bankr. P. 1014(a)(1) ("If a petition is filed in the proper district, the court may transfer the case to another district in the interest of justice or for the convenience of the parties.").

"The decision to transfer venue is within the discretion of the court based on an individualized, case-by-case consideration of convenience and fairness."  *Northwest Airlines, Inc. v. City of Los Angeles (In re Northwest Airlines Corp.)*, 384 B.R. 51, 60 (S.D.N.Y. 2008)

---

[1]     Unless otherwise noted, all Case Management/Electronic Case Filing ("ECF") references are to Case No. 23-22095.

[2]     The Debtor served as the principal of Manchanda Law Office PLLC (the "Corporate Debtor" and, together with the Debtor, the "Debtors").

(internal citations and quotations omitted).  "The party moving for change of venue bears the burden of proof and that burden must be carried by a preponderance of the evidence." *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1390 (2d Cir. 1990).  "Section 1412 is written in the disjunctive, meaning that each of the two prongs—'in the interest of justice' or 'for the convenience of the parties'—constitutes an independent ground for transferring venue." *In re Certa Dose, Inc.*, 2021 Bankr. LEXIS 3053, at *35 (Bankr. S.D.N.Y. Nov. 4, 2021) (internal citation omitted).

When determining whether a case should be transferred in the interest of justice, a court considers whether:

> (i) transfer would promote the economic and efficient administration of the bankruptcy estate; (ii) the interests of judicial economy would be served by the transfer; (iii) the parties would be able to receive a fair trial in each of the possible venues; (iv) either forum has an interest in having the controversy decided within its borders; (v) the enforceability of any judgment would be affected by the transfer; and (vi) the plaintiffs original choice of forum should be disturbed.

*In re Dunmore Homes, Inc.*, 380 B.R. 663, 671-72 (Bankr. S.D.N.Y. 2008) (citation omitted). The interest of justice prong is a broad and flexible standard.  *Id.* at 671 (citations omitted).

When considering the convenience of the parties, courts consider:

> (i) proximity of creditors of every kind to the court; (ii) proximity of the debtor; (iii) proximity of witnesses necessary to the administration of the estate; (iv) location of the assets; (v) economic administration of the estate; and (vi) necessity for ancillary administration if liquidation should result. . . . The consideration given the most weight is the economic and efficient administration of the estate.

*Id.* at 672 (internal citations omitted).

The Court finds that the consideration of these factors weighs strongly against granting the Debtor's request to transfer the venue of these cases to the Eastern District of New York or to the Western District of New York.  The nexus of the Debtor's contacts weighs in favor of keeping the venue of these cases with this Court.  Specifically, the Debtor, his assets, many of his creditors, and the litigation in which he is involved are located in the Southern District of

New York. *See, e.g., Voluntary Petition for Individuals Filing for Bankruptcy* [Case No. 23-22095, ECF No. 1]; *Schedules of Assets and Liabilities* and *Statement of Financial Affairs for Individuals Filing for Bankruptcy* [Case No. 23-22095, ECF Nos. 1, 5, 10, 13]. The same is true in the Chapter 7 case of the Corporate Debtor. *See Voluntary Petition for Non-Individuals Filing for Bankruptcy* [Case No. 23-11805, ECF No. 1]; *Schedules of Assets and Liabilities* and *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* [Case No. 23-11805, ECF No. 1]. Indeed, the Debtor makes no argument that he has connections to either the Eastern or Western Districts of New York. Nor would transfer of these cases at this juncture contribute to the economic and efficient administration of these estates. The Court has already administered these cases for a lengthy period of time, making numerous rulings in the process. Moreover, the Court has matters *sub judice* in these cases, including a summary judgment motion filed by the Office of the United States Trustee on whether the Debtor should be denied a discharge under Sections 727(a)(3), (a)(4), and (a)(5) of the Bankruptcy Code. *See Memorandum of Law in Support of Motion for Summary Judgment in Connection with the United States Trustee's Complaint Objecting to the Debtor's Discharge Pursuant to 11 U.S.C. §§ 727(a)(3), 727(a)(4)(A) and 727(a)(5)* [Adv. Pro. No. 24-07009, ECF No. 31].

While the Debtor complains that he is unable to gain a fair hearing or trial before this Court, the Court disagrees. This Court is equally capable as the Eastern and Western Districts of New York in deciding any legal issues that may arise. To the extent that the Debtor's Motion is essentially seeking the recusal of the undersigned as the presiding judge, the Court denies that request. There are no facts present in this case that justify such relief. *See In re Chalek*, 667 B.R. 76, 83 (Bankr. S.D.N.Y. 2025) ("The Judicial Code requires a judge to recuse himself when his impartiality might reasonably be questioned. . . . The standard is an objective one, focusing on whether an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal.") (internal citations and

4

quotations omitted); *Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").  Moreover, to the extent that the Debtor seeks to avoid an adverse ruling, this is not an appropriate basis for venue.  *Cf., In re Eclair Bakery, Ltd.*, 255 B.R. 121, 142 (Bankr. S.D.N.Y. 2000) (granting creditor's request to transfer the venue where the alternative venue had stronger nexus of connections and debtor had filed in the current venue for purposes of 'forum shopping' after repeated unfavorable rulings, and a restrictive order in the alternative venue, stating that "[t]he interests of justice require that this Court not reward such an effort."); *In re Parson*, 2021 WL 4206462, at *4 (Bankr. N.D. Tex. Sept. 15, 2021) (denying debtor's motion to transfer venue because "[t]he Debtor's actions indicate a pattern of delay, unnecessary litigation, and forum shopping which the Bankruptcy Code does not condone.  [The Debtor's] remedy lies in the judicial process, *not* in circumventing that process by seeking to transfer venue.") (emphasis in original).  To the extent that the Debtor believes the Court's decisions contain errors of law or fact, the Debtor retains the right to seek redress on appeal.

For all the foregoing reasons, the Motion is denied.

**IT IS SO ORDERED.**

Dated: White Plains, New York
            July 23, 2025

                                    */s/ Sean H. Lane*
                                    **UNITED STATES BANKRUPTCY JUDGE**

## COPIES TO:

**Via ECF and Email:**

Rahul Dev Manchanda
270 Victory Blvd.
New Rochelle, NY 10801
rahul.manchanda.new.york@gmail.com
*Chapter 7 Debtor*

**Via ECF and Email:**

Marianne T. O'Toole, Esq.
2 Depot Plaza, Suite 2 E
Bedford Hills, NY 10507
trustee@otoolegroup.com
*Chapter 7 Trustee*

**Via ECF and Email:**

Salvatore LaMonica, Esq.
LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Wantagh, NY 11793
sl@lhmlawfirm.com
*Chapter 7 Trustee*